```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

KENNY CLYDE HOMER BEVARD,        :    CIV. NO. 21-2410 (RMB)
                                 :
             Petitioner          :
     v.                          :    **MEMORANDUM AND ORDER**
                                 :
                                 :
THOMAS BERGAMI, WARDEN,          :
                                 :
             Respondent          :
_____

This matter comes before the Court upon Petitioner's motion to appoint counsel (Dkt. No. 4) and motion for an extension of time to file a reply brief (Dkt. No. 5) in this habeas proceeding under 28 U.S.C. § 2241, where Petitioner challenges the Bureau of Prison's calculation of his sentence. For good cause shown, the Court will grant Plaintiff's motion for an extension of time to file a reply brief, but the Court will deny Petitioner's motion for appointment of counsel for the reasons discussed below.

"There is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding." Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991) (citing Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985), cert. denied, 479 U.S. 913 (1986)). Pursuant to 18 U.S.C. § 3006A(a)(2)(B),

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who … (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

Before appointing counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991). Petitioner has presented a nonfrivolous claim.

"Factors influencing a court's decision" to appoint counsel in a habeas case "include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." Id. at 264 (quoting Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)). Petitioner has adequately presented the factual and legal issues in his petition, and an evidentiary hearing is unnecessary to determine the issues presented. Petitioner explained that he is seeking assistance with obtaining documents from his state criminal defense attorney to use in support of his reply brief. Because Petitioner has demonstrated his ability to investigate and present his case, the Court finds it is not in the interest of justice to appoint counsel, but will extend time for Petitioner to obtain documents and complete his reply brief.

**IT IS** therefore on this **24th day of May 2021**,

**ORDERED** that Petitioner's motion for appointment of counsel (Dkt. No. 4) under 18 U.S.C. § 3006A is **DENIED;** and it is further

**ORDERED** that Petitioner's motion for an extension of time (Dkt. No. 5) to file a reply to Respondents' answer to his petition under 28 U.S.C. § 2241 is **GRANTED;** Petitioner may file a reply

2

brief on or before July 24, 2021; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order on Petitioner by regular U.S. mail.

<pre>
                            s/Renée Marie Bumb
                            <b>RENÉE MARIE BUMB</b>
                            <b>United States District Judge</b>
</pre>