## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____

KENNY CLYDE HOMER BEVARD,    :    CIV. NO. 21-2410 (RMB)

        :

        Petitioner    :

    v.    :    **OPINION**

        :

        :

THOMAS BERGAMI, WARDEN,    :

        :

        Respondent    :

_____

BUMB, United States District Judge

This matter comes before the Court upon Petitioner Kenny Clyde Homer Bevard's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket No. 1), seeking jail credit against his federal sentence for the time period from January 24, 2014 to August 11, 2016; Respondent's answer and brief in opposition to habeas relief (Docket No. 3), and Petitioner's reply brief (Docket No. 7.) The Court will determine the motion on the briefs, without oral argument, pursuant to Federal Rule of Civil Procedure 78.

## I.      BACKGROUND

Petitioner is serving a 107-month aggregate sentence imposed on January 20, 2016, by the United States District Court for the Southern District of Iowa, an 86-month term of imprisonment for Possession of a Stolen Firearm (Count Two), and a 21-month term of imprisonment for a Violation of Supervised Release, in Case

Number 4:00-cr-00198 (S.D. Iowa). (Declaration of Deborah Colston[1] ("Colston Decl.") ¶ 7, Docket No. 3-3; Attachment 5, Docket No. 3-4 at 14-23.) The sentencing court ordered these two terms to run consecutively. (*Id.;* Attachment 5, Docket No. 3-4 at 19.) The sentencing court also ordered that Petitioner's federal sentence was to be served consecutively to a state sentence for escape imposed in Iowa District Court, Polk County, Docket No. FECR275528. (*Id.*) If Petitioner receives all good conduct time available to him under 18 U.S.C. § 3624(b), his projected release date is January 9, 2024.[2] (*Id.* ¶ 11; Attachment 9, Docket No. 3-4 at 38.) Petitioner challenges the Bureau of Prison's ("BOP") sentence computation.

## II.   DISCUSSION

The events relevant to Petitioner's federal sentence computation began on January 21, 2014, when Petitioner was arrested by Iowa State Authorities for multiple counts of burglary, Docket No. FECR273282. (Colston Decl. ¶ 4; Attachment 1, Docket No. 3-4 at 1-2.) Several months later, on April 17, 2014, in Iowa District Court, Polk County, Petitioner was charged with escape, Docket No. FECR275528. (*Id.* ¶ 5; Attachment 3, Docket No. 3-4 at 6-8; Attachment 6, Docket No. 3-4 at 25 (awarding state custody credit beginning April 17, 2014.)) The burglary charges were

---

[1] Deborah Colston is a Management Analyst employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), at the Designation Sentence and Computation Center ("DSCC"). (Colston Decl., ¶ 1, Docket No. 3-3.)

[2] There appears to be a typographical error in Respondent's answer, which states that Petitioner's projected release date, assuming all good conduct time, is January 9, 2023. However, Attachment 9 to the Colston Declaration, the Public Information Inmate Data as of February 26, 2021, states Petitioner's projected release date is January 9, 2024.

subsequently dismissed by Order dated August 8, 2014. (Colston Decl. ¶ 4, Docket No. 3-3; Attachment 2, Docket No. 3-4 at 3-5.)  Petitioner was sentenced for escape on September 8, 2014, to a 5-year term of imprisonment. (*Id.* ¶ 5; Attachment 3, Docket No. 3-4 at 6-8.)

On October 6, 2014, Petitioner was taken into temporary custody by the United States Marshals ("USMS") via a Writ of Habeas Corpus Ad Prosequendum for criminal proceedings in the United States District Court for the Southern District of Iowa.  (*Id.* ¶ 6; Attachment 4, Docket No. 3-4 at 11.) On January 20, 2016, Petitioner was sentenced by the United States District Court for the Southern District of Iowa to an 86-month term of imprisonment for Possession of a Stolen Firearm (Count Two) in Case Number 14-cr90 (S.D. Iowa), consecutive to a 21-month term of imprisonment for a Violation of Supervised Release, in Case Number 0-cr-198 (S.D. Iowa), for an aggregate term of 107 months. (*Id.* ¶ 7; Attachment 5, Docket No. 3-4 at 14-23.) The sentencing court ordered that the federal sentence be served consecutively to Petitioner's existing state sentence imposed in Iowa District Court, Polk County, Docket No. FECR275528. (*Id.*)

On February 19, 2016, the Iowa District Court, Polk County, entered an Amended Order, awarding Petitioner prior custody credit for 160 days served from April 17, 2014 through September 23, 2014. (*Id.* ¶ 8; Attachment 6, Docket No. 3-4 at 24-25.) Subsequently, on July 18, 2016, Petitioner was paroled to exclusive federal custody. (*Id.* ¶ 9; Attachment 7, Docket No. 3-4 at 28.) The BOP prepared a sentence computation for Petitioner and determined that his federal sentence commenced on

July 18, 2016, the date he was paroled to exclusive federal custody. (Colston Decl. ¶ 10, Docket No. 3-3; Attachment 8, Docket No. 3-4 at 33.) The BOP did not initially award prior custody credit. (*Id.*) However, upon receipt of the present habeas petition, the BOP updated Petitioner's sentence calculation on February 25, 2021. (*Id.* ¶ 11; Attachment 9, Docket No. 3-4 at 34-38.) Consequently, the BOP awarded Petitioner prior custody credit from January 21, 2014 through April 16, 2014, and July 19, 2016 through July 20, 2016, because that time had not been applied to any other sentence. (*Id.*; Attachment 9, Docket No. 3-4 at 37-38.)

## III.   ANALYSIS

### A.   The Parties' Arguments

In his habeas petition, Petitioner seeks additional custody credit from January 24, 2014, to August 11, 2016, pursuant to 18 U.S.C. § 3585(b)(1). (Pet., Docket 1, ¶ 13.) Petitioner alleges that he is entitled to this credit because his "sentences were to run concurrently." (*Id.*) Respondent opposes relief, asserting that upon review of Petitioner's sentence computation, the BOP recomputed his sentence and awarded prior custody credit for January 21, 2014 through April 16, 2014 and July 19 and 20, 2016. (Answer, Docket No. 3 at 15-16.) [3]

---

[3] Respondent also argues that Petitioner procedurally defaulted his claim by not properly exhausting the prison administrative grievance procedure. (Answer, Docket No. 3 at 7-10.) Petitioner disputes that he procedurally defaulted his claim and submits that the warden did not timely respond to his grievance, rendering proper exhaustion unavailable. (Reply Brief, Docket No. 7 at 2.) Exhaustion of administrative remedies for claims brought under 28 U.S.C. § 2241 is not jurisdictional. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241"); *Gambino v. Morris*, 134 F.3d 156, 172

Petitioner filed a reply brief in response to Respondent's answer. Petitioner acknowledges that he was arrested on state charges on January 21, 2014. (Reply Brief, Docket No. 7 at 3.) However, the United States Marshals put a "hold" on him the same day for a supervised release violation in Case No. 00-cr-198. (*Id.*) The hold prevented Petitioner from making bail. (*Id.*) According to Petitioner, although the Polk County charges arising out of Petitioner's arrest on January 21, 2014 were dismissed on March 21, 2014, the A.T.F. put a hold on Petitioner. (*Id.*) Petitioner contends that he was in federal custody when the state charges were dismissed. (*Id.*)

Petitioner escaped in April 2014, and pled guilty to escape in September 2014. (*Id.*) Petitioner submits that his state court plea agreement for escape states that he would return to state court for sentencing after Petitioner's federal sentence was imposed, and his state sentence would be concurrent to the federal sentence. (*Id.*) Petitioner contends that he was in federal custody from January 21, 2014 until his sentencing in 2016, at which time he was released to Iowa for two months. (*Id.* at 4.) Petitioner acknowledges that he was paroled and transferred to the U.S. Marshals on April 5, 2016, pursuant to his federal detainer. (*Id.*)  He asserts that he did not arrive at a federal holding center until August 1, 2016. (*Id.*) Petitioner submits that he was not credited for time he spent in federal custody from April 5, 2016 through August 11, 2016. (*Id.*)

---

(3d Cir. 1998) (judicially created exhaustion requirement is subject to futility exception); *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (describing differences between prudential and jurisdictional exhaustion requirements). Therefore, this Court will deny the petition on the alternative basis that it fails on the merits.

**B.     Standard of Law**

The statutory responsibility for calculating federal criminal sentences rests with the Attorney General of the United States, who delegated such authority to the BOP. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992). 18 U.S.C. § 3585 governs computation of federal sentences, including when a federal sentence commences, and the award of prior custody credit. A federal sentence commences on "the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  When determining the commencement date of a federal sentence, the doctrine of "primary custody" provides that the sovereign that first arrests an offender has primary jurisdiction over that offender until that sovereign relinquishes it to another sovereign by, for example, bail release, dismissal of the charges, parole release, or expiration of the sentence. *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2001). "The sovereign with primary custody is entitled to have the defendant serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction." *Patillo v. Warden Allenwood FCI*, 771 F. App'x 137, 139 (3d Cir. 2019). When a state has primary custody and a federal court imposes a sentence consecutive to the state sentence(s), the federal sentence will commence only upon the relinquishment of primary nonfederal custody.  *Setser v. United States*, 566 U.S. 231, 132 (2013).

18 U.S.C. § 3585(b) governs prior custody credit as follows:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

The United States Supreme Court has interpreted this statute as precluding "double credit" for a defendant's detention time. *Wilson*, 503 U.S. at 337.

## C.    Computation of Petitioner's Federal Sentence

Petitioner was in primary state custody when he was arrested by local police on January 21, 2014 and charged with multiple counts of burglary, Docket Number FECR273282. (Colston Decl. ¶ 4, Docket No. 3-3; Attachment 1, Docket No. 3-4 at 1-2.) Contrary to Petitioner's contention that the burglary charges were dismissed in March 2014, resulting in his release to federal custody, the state court records indicate the burglary charges were dismissed on August 8, 2014. (Attachment 2, Docket No. 3-4 at 5.) At that time, Petitioner remained in primary state custody on the escape charge brought on April 17, 2015, Docket No. FECR275528. (Attachment 3, Docket No. 3-4 at 6-8.)

"A state prisoner transferred to federal custody under a *writ ad prosequendum* to answer federal charges is considered "on loan" to federal authorities and remains in primary custody of the state "unless and until the first sovereign relinquishes jurisdiction." *Davis v. Sniezek*, 403 F. App'x 738, 740 (3d Cir. 2010) (quoting *Ruggiano*

*v. Reish*, 307 F.3d 121, 125 n. 1 (3d Cir.2002), *superseded in part on other grounds* by U.S.S.G. § 5G1.3 App. Note 3(E) (2003). When the United States Marshals took Petitioner into temporary custody via a Writ of Habeas Corpus Ad Prosequendum on October 6, 2014, Petitioner remained in primary state custody, serving his sentence for escape. (Colston Decl. ¶ 6, Docket No. 3-3; Attachment 4, Docket No. 3-4 at 11.)

On January 20, 2016, the United States District Court for the Southern District of Iowa sentenced Petitioner in Case Number 14-cr-90 (S.D. Iowa) and Case Number 00-cr-198 (S.D. Iowa), and ordered his sentences to be served *consecutively* to the sentence for escape imposed in Iowa District Court, Polk County, Docket No. FECR275528. (*Id.* ¶ 7; Attachment 5, Docket No. 3-4 at 14-23) (emphasis added). Even if the state court had ordered Petitioner's sentence for escape to run concurrent with his yet to be imposed federal sentence as Petitioner contends, "neither the federal courts nor the BOP are bound in any way by a state court's direction that the state and federal sentences run concurrently. *Galloway v. Warden of F.C.I. Ft. Dix*, 385 F. App'x 59, 63 (3d Cir. 2010) (citing *Barden v. Keohane*, 921 F.2d 476, 478 n. 4 (3d Cir. 1990) (citing U.S. Const. art. VI, cl. 2); *see also Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir. 2002) (concurrent sentences imposed by state judges are merely recommendations to federal officials). Therefore, the BOP properly commenced Petitioner's federal sentence on July 18, 2016, the date he was physically received in exclusive federal custody after parole from his state sentence for escape. (Colston Decl. ¶ 10; Attachment 8, Docket No. 3-4 at 32.)

Pursuant to § 3585(b), the BOP appropriately applied prior custody credit that was not applied to Petitioner's state sentence for escape. On February 25, 2021, after Petitioner filed the present habeas petition, the BOP awarded Petitioner 86 days prior custody credit for time served from January 21, 2014 to April 16, 2014, time in custody that was not credited toward a state sentence. (Colston Decl. ¶ 11; Attachment 9, Docket No. 3-4 at 37.) The time Petitioner served between April 17, 2014, the date of his arrest by local police after his escape, through September 23, 2014, was credited against his state prison term for escape. (Colston Decl. ¶ 8; Attachment 6, Docket No. 3-4 at 25.) Petitioner served the remainder of his sentence for escape from September 24, 2014 through the date of his parole to exclusive federal custody on July 18, 2016. (Colston Decl. ¶¶ 5-9; Attachment 7, Docket No. 3-4 at 27-28.) The BOP also awarded prior custody credit to Petitioner for July 18 and 19, 2016. (Attachment 9, Docket No. 3-4 at 37.) This accounts for all time between January 20, 2014 and July 18, 2016, when Petitioner's federal sentence commenced. Petitioner is not entitled to any additional prior custody credit.

## IV.  CONCLUSION

For the reasons discussed above, the Court will deny Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241. An appropriate Order follows.

Date:  **June 9, 2022**

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge